No. 46473.—Protest 49713–K (A) of Freedman & Slater, Inc. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel and on the authority of Brachman v. United States (5 Cust. Ct. 153, C. D. 389) the claim for free entry under paragraph 1681 was sustained.

No. 46474.—Protest 49856–K of M. Shimmel (New York).

Opinion by WALKER, J. It was stipulated that paper is the component material of chief value, and that the issue is similar to that involved in Abstract 25919 and Koeller-Struss v. United States (T. D. 44560). In accordance therewith the claim at 35 percent under paragraph 1413 was sustained.

No. 46475.—Protest 52865–K of Jones Brokerage Co. (Los Angeles).

Opinion by WALKER, J. On the authority of Lamborn v. United States (27 C. C. P. A. 46, C. A. D. 60) the protest was dismissed.

No. 46476.—Protests 783882–G, etc., of M. Martinez & Co. (San Diego).

Opinion by WALKER, J. On the authority of Lamborn v. United States (27 C. C. P. A. 46, C. A. D. 60) the protests were dismissed.

No. 46477.—Protest 829090–G of Kwan On Chong (Cleveland).

Opinion by WALKER, J. On the authority of Lamborn v. United States (27 C. C. P. A. 46, C. A. D. 60) the protest was dismissed.

No. 46478.—Protest 961706–G of Aoki Taiseido Book Co. (San Francisco).

Opinion by WALKER, J. On the authority of Lamborn v. United States (27 C. C. P. A. 46, C. A. D. 60) the protest was dismissed.

No. 46479.—Protest 983353–G of John V. Carr & Son (Detroit).

Opinion by WALKER, J. It was found that the board measurement of lumber in question should have been determined for the purposes of section 601 (c) (6), Revenue Act of 1932, as amended, on the basis of the condition in which imported, and that no addition should have been made to the imported quantity for planing or for tonguing and grooving. This claim in the protest was therefore sustained.

No. 46480.—Protests 37218–K, etc., of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.  It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).  In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained.

**No. 46481.**—Protest 37220–K of Burns Lumber Co. (Los Angeles).

Opinion by WALKER, J.  It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).  In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protest was therefore sustained.

**No. 46482.**—Protests 15471–K, etc., of Seaboard Lumber Sales Co. (New York).

Opinion by WALKER, J.  It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).  In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported.  The protests were therefore sustained.

BEFORE THE FIRST DIVISION, OCTOBER 20, 1941

**No. 46483.**—Protest 985084–G of M. Pressner & Co. (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the fur dogs in question are similar in all material respects to those the subject of Abstract 41823 the claim at 50 percent under paragraph 1519 (e) was sustained.

**No. 46484.**—Protests 981431–G, etc., of Cathay Crafts Corp. et al. (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the fluorspar articles in question are similar in all material respects to those the subject of *Cathay Crafts Corp.* v. *United States* (6 Cust. Ct. 87, C. D. 434) the claim at 40 percent under paragraph 214 was sustained.

**No. 46485.**—Protest 3230–K of Edw. P. Paul & Co., Inc. (New York).

Opinion by OLIVER, P. J.  In accordance with stipulation of counsel that the fluorspar articles in question are similar in all material respects to those the subject of *Cathay Crafts Corp.* v. *United States* (6 Cust. Ct. 87, C. D. 434) the claim at 40 percent under paragraph 214 was sustained.